UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHAMECCA BRYANT, RICARDO LOPEZ &
LILLIAN LOPEZ,

                Plaintiff(s),

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
WALTER MARIN, # ***024
Narcotics Borough Brooklyn North,
NEW YORK CITY POLICE DETECTIVE
VINCENT BARESE, Shield #1540
Narcotics Borough Brooklyn North,
NEW YORK CITY POLICE SERGEANT
CHRISTOPHER THOMAS
Narcotics Boro Brooklyn North
NEW YORK CITY POLICE OFFICER JOHN DOE,
75th Precinct
NEW YORK CITY POLICE OFFICER JOHN DOE
NUMBER ONE, 75th Precinct,
NEW YORK CITY POLICE OFFICER JOHN DOE
NUMBER TWO, 75th Precinct,
                Defendant(s).
----------------------------------------------------------X

FILED
CLERK

2015 DEC 28 PM 3:59

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT &**
**JURY DEMAND**

**CV 15    7360**

GLASSER, J.

SCANLON, M.J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which the Plaintiffs, SHAMECCA BRYANT, RICARDO LOPEZ and LILLIAN LOPEZ, seek redress for the Defendant's violation of their rights secured by the Civil Rights Act of 1866 and 1871, Section 42 U.S.C. 1983, and of the rights secured by the Fourth and Fifth Amendments and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and/or rights secured by under the laws and Constitution of the State of New York.

-1-

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiffs, SHAMECCA BRYANT, RICARDO LOPEZ and LILLIAN LOPEZ, who are siblings of African-American and Hispanic decent, are United States citizens and residents of the United States, and are and at all times relevant herein residents of the State of New York.

8. Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN, # ***024, VINCENT BARESE, Shield # 1540, and SERGEANT CHRISTOPHER THOMAS upon information and belief of Narcotics Borough Brooklyn North, are and at all times relevant, officers

and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant(s) DETECTIVES MARIN, BARESE and SERGEANT THOMAS are sued individually and in their official capacities. At all times relevant Defendant(s) DETECTIVES MARIN, BARESE and SERGEANT THOMAS were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant(s) DETECTIVES MARIN, BARESE and SERGEANT THOMAS were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendants NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE, upon information and belief of the 75th$^{st}$ Precinct and 79th Precincts, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE are sued individually and in their official capacity. At all times relevant, Defendant NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE were acting under color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and

otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by its agency, THE NEW YORK CITY POLICE DEPARTMENT.

11. THE NEW YORK CITY POLICE DEPARTMENT, while not a named party, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

### First Incident

12. On Thursday, October 1, 2014 at approximately 6:00 a.m. Plaintiffs SHAMECCA BRYANT and RICARDO LOPEZ were inside of 18 Hunterfly Avenue, Apartment 1B, located in Kings County. Plaintiff LILLIAN LOPEZ had just left the

aforementioned apartment and was in the hallway on her way to work when the named Defendants, along with several other members of the NEW YORK CITY POLICE DEPARTMENT, entered the premises, knocking Plaintiff LILLIAN LOPEZ to the floor as they entered. Named Defendant NEW YORK CITY POLICE OFFICER JOHN DOE of the NEW YORK CITY POLICE DEPARTMENT and several other New York City Police Officers stepped on Plaintiff LILLIAN LOPEZ back and knees several times as they entered the premises, causing physical injury to Plaintiff LILLIAN LOPEZ back and knees. A member of the NEW YORK CITY POLICE DEPARTMENT, herein identified as named Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM MARIN, then asked Plaintiff LILLIAN LOPEZ if she lived in the apartment, whereupon Plaintiff LILLIAN LOPEZ, informed Defendant DETECTIVE MARIN that Plaintiff's mother, CAROLYN LOPEZ lived in the apartment and was recovering from a recent heart attack, and that a child also resided in the apartment, whereupon Plaintiff LILLIAN LOPEZ was told to "shut the fuck up". Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM MARIN proceeded to handcuff Plaintiff LILLIAN LOPEZ to a handrail in the hallway where Plaintiff LILLIAN LOPEZ was forced to remain for several hours, during which time several neighbors entered the hallway and saw her handcuffed to the rail in the hallway. While handcuffed in the hallway, Plaintiff LILLIAN LOPEZ repeatedly asked Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN and Defendant NEW YORK CITY POLICE SERGEANT CHRISTOPHER THOMAS to show her a search warrant, which repeated requests were initially ignored, then refused by the named Defendants. Named Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE approached

Plaintiff SHAMECCA BRYANT, who was in a bedroom in the apartment, and pointed a gun in the face of Plaintiff SHAMECCA BRYANT, while another member of the New York City Police Department, herein identified as named Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE forcefully using a riot shield, pushed Plaintiff SHAMECCA BRYANT up against a wall. Named Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE then placed Plaintiff BRYANT in handcuffs, applying the handcuffs so tightly that Plaintiff BRYANT injured her wrists. Plaintiff SHAMECCA BRYANT was then forced to sit on a couch in the living room for approximately forty minutes while members of the NEW YORK CITY POLICE DEPARTMENT, including the named Defendant Officers searched the premises for alleged contraband. During the search of the apartment numerous items inside the apartment were damaged by members of the NEW YORK CITY POLICE DEPARTMENT. Plaintiff RICARDO LOPEZ, who was asleep in another bedroom, was physically dragged out of bed and onto the floor by Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO, without explanation by any member of the NEW YORK CITY POLICE DEPARTMENT, causing injury to Plaintiff RICARDO LOPEZ left knee and left ankle. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO proceeded to put Plaintiff RICARDO LOPEZ on his stomach, place a knee in the back of Plaintiff RICARDO LOPEZ while holding a metal baton against the neck of Plaintiff RICARDO LOPEZ causing Plaintiff RICARDO LOPEZ to be unable to breath. Plaintiffs SHAMECCA BRYANT and RICARDO LOPEZ were subsequently placed in a NEW YORK CITY POLICE DEPARTMENT van where they were placed in seats, rear-cuffed, without seatbelts by

members of THE NEW YORK CITY POLICE DEPARTMENT, including, upon information and belief, Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN, VINCENT BARESEJOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO. When the vehicle moved forward Plaintiff SHAMECCA BRYANT was thrown into the bench across from her, striking her mouth and loosening two front teeth that subsequently had to be removed by her dentist as a result of the aforementioned injury. Plaintiffs SHAMECCA BRYANT and RICARDO LOPEZ were subjected to physical searches of their person at the 75th Precinct and Central Booking, where they remained in the custody of THE NEW YORK CITY POLICE DEPARTMENT for approximately twenty four hours before being released from custody. Plaintiff LILLIAN LOPEZ, remained in the custody of THE NEW YORK CITY POLICE DEPARTMENT for several hours before being released from custody without any charges being filed.

### Second Incident

On January 15, 2015 at approximately 6:00 a.m. Plaintiffs were inside 18 Hunterfly Avenue, Apartment 1B, when Plaintiff SHAMECCA BRYANT heard noise in the backyard. At the same time Plaintiff BRYANT heard the noise in the backyard, several members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCENT BARESE, forcefully broke down the front door to the apartment. Plaintiffs SHAMECCA BRYANT, RICARDO LOPEZ and LILLIAN LOPEZ were physically searched and handcuffed by members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCENT BARESE. Plaintiffs

SHAMECCA BRYANT and LILLIAN LOPEZ were subsequently held in a police van for approximately five hours while the apartment was searched again by the named Defendants and other members of the NEW YORK CITY POLICE DEPARTMENT, one of whom bearing Shield Number 5302 informed Plaintiffs BRYANT and LILLIAN LOPEZ that the officers "got in trouble the last time they were there". After approximately five hours in custody Plaintiffs SHAMECCA BRYANT and LILLIAN LOPEZ were released from custody without any formal charges being levied against them, and without any contraband being found in the apartment. Plaintiff RICARDO LOPEZ was handcuffed and physically searched, then subsequently transported to Central Booking where he subjected to another physical search of his person. Plaintiff RICARDO LOPEZ was held in custody for approximately twenty four hours before he was released from custody, with the criminal charges against him being dismissed in July 2015.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

14. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Thirteen (13) as if fully set forth herein.

15. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting Plaintiff LILLIAN LOPEZ, without probable cause.

16. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN occurred in and during the course and scope of his duties and functions as a New York City

Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff LILLIAN LOPEZ.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force

17. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE on October 1, 2014, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully stepping on the back and knees of Plaintiff LILLIAN LOPEZ, without lawful reason or cause, resulting in injury to Plaintiff LILLIAN LOPEZ.

19. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the course of the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff LILLIAN LOPEZ.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest

20. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN, on January 15, 2015 acting under the color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting LILLIAN LOPEZ without lawful reason or cause.

22. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff LILLIAN LOPEZ.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to The United States Constitution-False Arrest**

23. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE on October 1, 2014, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully arresting, handcuffing and searching Plaintiff SHAMECCA BRYANT, without lawful reason or cause, causing the hereinafter and aforementioned harm to Plaintiff SHAMECCA BRYANT.

25. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE, occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and

hereinafter mentioned harm to Plaintiff SHAMECCA BRYANT.

## FIFTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

26. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One through Twenty Five (25) as if fully set forth herein.

27. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE on October 1, 2014, acting under the color of State law, violated Section 42 U.S.C. by unlawfully using excessive force against Plaintiff SHAMECCA BRYANT, by rear-handcuffing Plaintiff SHAMECCA BRYANT so tightly as to cause injury to Plaintiff SHAMECCA BRYANT's right wrist, and did transport Plaintiff without securing her in seat in the Police Department Vehicle, accelerating the vehicle and causing Plaintiff to fall onto her face causing injury without lawful reason or cause.

28. That the actions of Defendants NEW YORK CITY POLICE DETECTIVE MARIN and OFFICER JOHN DOE NUMBER ONE occurred during the scope of their employment duties and functions as New York City Police Officers and while acting as agents, employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff SHAMECCA BRYANT.

## SIXTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

29. The Plaintiffs incorporate by reference the allegations set forth in Paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCENT BARESE on January 15, 2015, acting under color of State Law violated Section 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution by unlawfully arresting Plaintiff SHAMECCA BRYANT without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff SHAMECCA BRYANT.

31. As a consequence of the actions of Defendant NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCENT BARESE, Plaintiff SHAMECCA BRYANT was forced to suffered fear, anger, humiliation, mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK. That the actions of Defendants NEW YORK CITY POLICE DETECTIVE MARIN and OFFICER JOHN DOE NUMBER ONE occurred during the scope of their employment duties and functions as New York City Police Officers and while acting as agents, employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## SEVENTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force**

32. The Plaintiffs incorporate by reference the allegations set forth in Paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO, on October 1, 2014, under the color of State Law, did violate Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff RICARDO LOPEZ without lawful reason or cause by placing a baton against the neck of Plaintiff RICARDO LOPEZ.

34. That the actions of Defendant JOHN DOE NUMBER TWO occurred during the scope of his employment duties and functions as a New York City Police Officer and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff RICARDO LOPEZ.

## EIGHTH FEDERAL CAUSE OF ACTION

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

35. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO on January 15, 2015, under the color of State Law, did violate Section 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution by unlawfully arresting the Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff RICARDO LOPEZ.

37. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO occurred during the scope of their employment duties and functions as New York

DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff RICARDO LOPEZ.

## NINTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, Due Process Violations

38. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One 91) through Thirty Seven (37) as if fully set forth herein.

39. That upon information and belief, the conduct of Defendants NEW YORK CITY POLICE DETECTIVES WALTER MARIN, VINCENT BARESE and SERGEANT CHRISTOPHER THOMAS, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully refusing to show Plaintiff LILLIAN LOPEZ a search warrant on either October 1, 2014 or January 15, 2015 without lawful reason or cause.

40. That the actions of Defendants, NEW YORK CITY POLICE DETECTIVES WALTER MARIN, VINCENT BARESE and SERGANT CHRISPTOPER THOMAS occurred in and during the scope of their duties, functions and employment as new York City Police Officers, and while acting as agents and employees if the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs

### FIRST STATE LAW CAUSE OF ACTION

38. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Thirty Seven (37) as if fully set forth herein.

39. Thar the actions of Defendant CITYOF NEW YORK, by negligently hiring, training,

screening supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE WALTER MARIN resulted in the false arrest of Plaintiff LILLIAN LOPEZ on January 15, 2015, causing the aforementioned and hereinafter mentioned harm to Plaintiff LILLIAN LOPEZ.

## SECOND STATE LAW CLAIM

40. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

41. That the actions of Defendant CITY OF NEW YORK by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCENT BARESE, who failed to secure Plaintiff SHAMECCA BRYANT with a seatbelt, resulted in physical injury to Plaintiff SHAMECCA BRYANT, and causing the aforementioned and hereinafter mentioned harm to Plaintiff SHAMECCA BRYANT.

## THIRD STATE LAW CLAIM

42. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Forty One (41) as if fully set forth herein.

43. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of named Defendant NEW YORK CITY POLICE OFFICERS WALTER MARIN, VINCENT BARESE, CHRISTOPHER THOMAS, JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, which resulted in the false arrests, detentions, photographs and searches of the Plaintiffs, public humiliation and embarrassment, emotional distress and incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiffs.

## FOURTH STATE LAW CLAIM

44. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Forty Three (43) as if fully set forth herein

45. That the actions of Defendant(s), NEW YORK CITY POLICE DETECTIVES WALTER MARIN and VINCEMT BARESE on October 1, 2014, by negligently securing Plaintiff SHAMECCA BRYANT inside of a NEW YORK CITY POLICE DEPARTMENT vehicle for transport to a local precinct, resulted in physical injury to Plaintiff SHAMECCA BRYANT, and causing the aforementioned and hereinafter mentioned harm to Plaintiff SHAMECCA BRYANT.

### FIFTH STATE LAW CLAIM

46. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Forty Five (45) as if fully set forth herein.

47. That the actions of Defendant(s), NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO on October 1, 2014, by negligently securing Plaintiff SHAMECCA BRYANT inside of a NEW YORK CITY POLICE DEPARTMENT vehicle for transport to a local precinct, resulted in physical injury to Plaintiff SHAMECCA BRYANT, and causing the aforementioned and hereinafter mentioned harm to Plaintiff SHAMECCA BRYANT.

**WHEREFORE,** the Plaintiffs demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendant(s) New York City Police Detectives WALTER MARIN and VNCENT BARESE, NEW YORK CITY POLICE SERGEANT CHRISTOPHER THMAS, NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, of Narcotics Borough Brooklyn North and the 75th Precinct.

3. Punitive Damages against Defendant New York City Police Detectives WALTER MARIN, VINCENT BARESE and SERGEANT CHRISTOPHER THOMAS, NEW YORK CITY POLICE OFFICER JOHN DOE, JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO of Narcotics Borough Brooklyn North and the 75th and 79th precincts.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 28, 2015

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com